**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
1/13/2023
Kern County Superior Court
By Vanessa Castro, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART ASSOCIATES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARNELL PARRISH, as an Individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of

Kern, Metropolitan Division, ~~1415 Truxtun Avenue,~~ Bakersfield, VC

California 93301

1215 TRUXTUN AVE

CASE NUMBER:
*(Número del Caso):* **BCV-23-100079**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Zambrano, 1147 South Hope Street, Los Angeles, California 90015, (213) 927-3700

DATE: 1/13/2023          TAMARAH HARBER-PICKENS     Clerk, by _Vanessa Castro_ , Deputy
*(Fecha)*                                           *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  WALMART ASSOCIATES, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ELECTRONICALLY FILED
1/9/2023 8:34 AM
Kern County Superior Court
By Vanessa Castro, Deputy

Neama Rahmani (State Bar No. 223819)
  *efilings@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
Levon S. Yepremian (State Bar No. 327709)
  *levon@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
PARRISH CARNELL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN

| | |
|---|---|
| CARNELL PARRISH, as an Individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART ASSOCIATES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: BCV-23-100079<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) DISABILITY DISCRIMINATION;<br><br>(2) FAILURE TO ACCOMMODATE;<br><br>(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; AND<br><br>(4) FEHA RETALIATION.<br><br>**DEMAND FOR JURY TRIAL** |

//

//

//

//

COMES NOW the Plaintiff, CARNELL PARRISH (hereinafter referred to as "Plaintiff" or "CARNELL"), who hereby respectfully alleges, avers, and complains, as follows:

## **INTRODUCTION**

1. This is an action brought by Plaintiff, CARNELL PARRISH, pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant, WALMART, ASSOCIATES, INC. (hereinafter referred to as "WALMART"), at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## **JURISIDICTION AND VENUE**

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Kern County Superior Court Rules.

4. Venue in this Court is proper in that Defendant, WALMART, has a principal business addressed located in the City of Delano, County of Kern, State of California.

## **PARTIES**

5. At all times herein mentioned, Plaintiff, CARNELL PARRISH, is and has been a resident of Earlimart, Tulare County, State of California.

//

//

6.  Defendants, WALMART, ASSOCIATES, INC is and at all times herein mentioned has been a Delaware business organization registered with the State of California, with the capacity to sue and to be sued, and doing business, with a principal place of business located at 8333 Van Nuys Boulevard Panorama City, California 91402.

7.  Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment.  Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8.  The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

**FACTUAL ALLEGATIONS**

9.  On or about December 29, 2018, Plaintiff, CARNELL, became employed by Defendant, WALMART ASSOCIATES, INC, as a maintenance worker. Plaintiff, CARNELL, worked there for approximately two years and eleven months before being terminated.

10. On or about August 8, 2021, while at work, Plaintiff suffered a sharp pain in his chess. Upon requesting help from staff, Plaintiff did not receive adequate aid. Plaintiff rushed himself to the hospital.

11. On that same day, Plaintiff was found to be in: (SVT) SUPRAVENTRICULAR TACHYCARDIA; and (HYPERLIPIDEMIA) otherwise referred to as high cholesterol. Plaintiff was placed on leave from August 11, 2021, until November 15, 2021, due to his medical conditions.

12. On or about November 18, 2021, Plaintiff was released to return to work.

13. On or about November 22, 2021, Plaintiff requested accommodations for his disability; further, Plaintiff requested work half days.

14. On or about November 30, 2021, approximately twelve days after being released to return to work, Plaintiff was terminated by Defendants.

15. Plaintiff has timely filed a Complaint of Discrimination with the Department of Fair Employment and Housing and obtained a Right to Sue letter dated August 25, 2022. As such, Plaintiff has exhausted his administrative remedies to pursue claims under the Fair Employment and Housing Act ("FEHA").

## FIRST CAUSE OF ACTION

### (DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF FEHA)

### (PLAINTIFF AGAINST ALL DEFENDANTS)

16. Plaintiff incorporates all paragraphs above as though fully set forth herein.

17. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.  At all times herein mentioned in this complaint, Government Code

§12940, Government Code §12926.1 were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

18. Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" as defined by Government Code §§12926, et seq. and §12940 et seq. and California Code of Regulations, Title 2, which limits one or more major life activities.

19. On or about December 29, 2018, Plaintiff, CARNELL, became employed by Defendant, WALMART ASSOCIATES, INC, as a maintenance worker. Plaintiff, CARNELL, worked there for approximately two years and eleven months before being terminated.

20. On or about August 8, 2021, while at work, Plaintiff suffered a sharp pain in his chess. Upon requesting help from staff, Plaintiff did not receive adequate aid. Plaintiff rushed himself to the hospital.

21. On that same day, Plaintiff was found to be in: (SVT) SUPRAVENTRICULAR TACHYCARDIA; and (HYPERLIPIDEMIA) otherwise referred to as high cholesterol. Plaintiff was placed on leave from August 11, 2021, until November 15, 2021, due to his medical conditions.

22. On or about November 18, 2021, Plaintiff was released to return to work.

23. On or about November 22, 2021, Plaintiff requested accommodations for his disability; further, Plaintiff requested work half days.

24. On or about November 30, 2021, approximately twelve days after being released to return to work, Plaintiff was terminated by Defendants.

//

25. At all times herein mentioned, Plaintiff was fully qualified and competent to perform the duties of his position.

26. Defendants' adverse actions, including, but not limited to, terminating Plaintiff, were at least in part, in retaliation of Plaintiff's disability and request for accommodation following a doctor's note.

27. But for Plaintiff's disability, Defendants would not have taken adverse employment actions of terminating him.

28. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

29. Said actions justify the imposition of punitive damages in that Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

**<u>SECOND CAUSE OF ACTION</u>**

**(FAILURE TO ACCOMMODATE)**

**(PLAINTIFF AGAINST ALL DEFENDANTS)**

30. Plaintiff incorporates all paragraphs above as though fully set forth herein.

//

31. Plaintiff, at all relevant times herein, suffered a FEHA protected disability.

32. Defendants were aware of Plaintiff's disability, set forth above, because Plaintiff informed Defendants.

33. Defendant has an affirmative duty under FEHA to reasonably accommodate disabled workers. Such duty arises regardless of whether the employee requested any accommodation. FEHA entitles disabled employees to preferential consideration in reassignment of existing employees. (*Jensen v. Wells Fargo Bank* (2000) 85 Cal. App.4th 245).

34. On or about December 29, 2018, Plaintiff, CARNELL, became employed by Defendant, WALMART ASSOCIATES, INC, as a maintenance worker. Plaintiff, CARNELL, worked there for approximately two years and eleven months before being terminated.

35. On or about August 8, 2021, while at work, Plaintiff suffered a sharp pain in his chess. Upon requesting help from staff, Plaintiff did not receive adequate aid. Plaintiff rushed himself to the hospital.

36. On that same day, Plaintiff was found to be in: (SVT) SUPRAVENTRICULAR TACHYCARDIA; and (HYPERLIPIDEMIA) otherwise referred to as high cholesterol. Plaintiff was placed on leave from August 11, 2021, until November 15, 2021, due to his medical conditions.

37. On or about November 18, 2021, Plaintiff was released to return to work.

38. On or about November 22, 2021, Plaintiff requested accommodations for his disability; further, Plaintiff requested work half days.

//

39. On or about November 30, 2021, approximately twelve days after being released to return to work, Plaintiff was terminated by Defendants.

40. Instead of accommodating Plaintiff, Defendants terminated Plaintiff's employment.

41. Plaintiff was informed and believes she was terminated for having a disability.

42. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position or an alternate position if such reasonable accommodation had been made by Defendants, and each of them. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operations of Defendant's business.

43. Instead of accommodating Plaintiff, Defendants terminated him. This action by Defendants in retaliation for his protected activity, including requesting reasonable accommodations.

44. As a direct and legal result of Defendants' failure to accommodate Plaintiff's disability, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

45. Said discrimination and/or refusal to accommodate/engage in interactive process was wrongful and justifies the imposition of punitive damages since refusing to accommodate Plaintiff's disability was against public policy. Defendants intentionally failed to accommodate Plaintiff, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and

1  deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious of Plaintiff's
2  rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount
3  according to proof from Defendants and each of them.

5  **THIRD CAUSE OF ACTION**
6  **(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS)**
7  **(PLAINTIFF AGAINST ALL DEFENDANTS)**

9  46. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

11  47. Plaintiff, at all relevant times herein, suffered from a FEHA protected disability.

13  48. Defendants were aware of Plaintiff's disability, set forth above, because Plaintiff informed
14  Defendants.

16  49. On or about December 29, 2018, Plaintiff, CARNELL, became employed by Defendant,
17  WALMART ASSOCIATES, INC, as a maintenance worker. Plaintiff, CARNELL, worked
18  there for approximately two years and eleven months before being terminated.

20  50. On or about August 8, 2021, while at work, Plaintiff suffered a sharp pain in his chess. Upon
21  requesting help from staff, Plaintiff did not receive adequate aid. Plaintiff rushed himself to
22  the hospital.

24  51. On that same day, Plaintiff was found to be in: (SVT) SUPRAVENTRICULAR
25  TACHYCARDIA; and (HYPERLIPIDEMIA) otherwise referred to as high cholesterol.
26  Plaintiff was placed on leave from August 11, 2021, until November 15, 2021, due to his
27  medical conditions.
28  //

52. On or about November 18, 2021, Plaintiff was released to return to work.

53. On or about November 22, 2021, Plaintiff requested accommodations for his disability; further, Plaintiff requested work half days.

54. On or about November 30, 2021, approximately twelve days after being released to return to work, Plaintiff was terminated by Defendants.

55. Instead of accommodating Plaintiff, Defendants terminated him. This action by Defendants in retaliation for his protected activity, including requesting reasonable accommodations.

56. Defendants did not engage in a timely, good faith interactive process with Plaintiff to find an accommodation for Plaintiff's disability.

57. Plaintiff did not cause the breakdown of the interactive process with Defendant. Rather, Defendant caused the breakdown in the interactive process with Plaintiff when it refused to provide Plaintiff accommodations for his disability.

58. As a direct and legal result of Defendants' failure to engage in a good faith, timely interactive process, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof.

59. Said discrimination and/or refusal to accommodate/engage in interactive process was wrongful and justifies the imposition of punitive damages since the failure to accommodate was against public policy. Defendants intentionally discriminated against Plaintiff on

account of his disability and/or his complaints about the same, acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendants acted with an evil purpose, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

## **FOURTH CAUSE OF ACTION**
### **(FEHA RETALIATION)**
### **(PLAINTIFF AGAINST ALL DEFENDANTS)**

60. Plaintiff incorporates by reference and realleges each of the foregoing paragraphs.

61. At all times herein mentioned in this complaint, Defendants regularly employed five or more persons, bringing Defendants within the provisions of the FEHA, Gov. Code § 12940(d).

62. This cause of action is brought pursuant to FEHA, Code § 12940(h) preventing Defendants from discharging or otherwise discriminating against any employee, such as Plaintiff, for exercising rights protected under FEHA.

63. Defendants engaged in a pattern and practice of retaliating against Plaintiff for exercising his protected rights. Defendants' adverse actions, including, but not limited to, terminating Plaintiff, were at least in part, in retaliation of Plaintiff's disability and request for accommodation following a doctor's note.

64. Plaintiff timely filed a Complaint of Discrimination with the Department of Fair Employment and Housing and obtained a Right to Sue letter dated August 25, 2022. Thus, Plaintiff has exhausted his administrative remedies.

65. In retaliation of Plaintiff's disability and request for accommodation following a doctor's note, Defendants subjected him Plaintiff to adverse employment action by terminating him. Said retaliation was in violation of public policy because the sole and actual reason for the adverse employment action was that Plaintiff engaged in a protected activity under FEHA.

66. On or about December 29, 2018, Plaintiff, CARNELL, became employed by Defendant, WALMART ASSOCIATES, INC, as a maintenance worker. Plaintiff, CARNELL, worked there for approximately two years and eleven months before being terminated.

67. On or about August 8, 2021, while at work, Plaintiff suffered a sharp pain in his chess. Upon requesting help from staff, Plaintiff did not receive adequate aid. Plaintiff rushed himself to the hospital.

68. On that same day, Plaintiff was found to be in: (SVT) SUPRAVENTRICULAR TACHYCARDIA; and (HYPERLIPIDEMIA) otherwise referred to as high cholesterol. Plaintiff was placed on leave from August 11, 2021, until November 15, 2021, due to his medical conditions.

69. On or about November 18, 2021, Plaintiff was released to return to work.

70. On or about November 22, 2021, Plaintiff requested accommodations for his disability; further, Plaintiff requested work half days.

71. On or about November 30, 2021, approximately twelve days after being released to return to work, Plaintiff was terminated by Defendants.

72. Defendants' conduct, described above, is in violation of various statutes and state law decisions, including Government Code § 12940.

73. As a direct and legal result of Defendants' retaliation against Plaintiff, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, all to his damage in an amount according to proof.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

74. The above-cited conduct of Defendants was done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights under the FEHA.   Defendants consciously, intentionally, and in conscious disregard of his rights retaliated against Plaintiff because he engaged in protected activity under the FEHA.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

75. As the result of Defendants' discriminatory and retaliatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, Gov. Code § 12965(b).

**<u>PRAYER</u>**

1.    For damages according to proof, including loss of earning, deferred compensation, and other employment benefits;

2.    For general damages, according to proof;

3.    For special damages according to proof, including but not limited to reasonable medical expenses;

//

1    4.    For prejudgment interest on lost wages and benefits;

2

3    5.    For punitive damages, according to proof;

4

5    6.    For costs incurred by Plaintiff, including reasonable attorney's fees and costs of suit, in

6    obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights through the Fair

7    Employment & Housing Act, as set forth above; and;

8

9    7.    For such other and further relief as the court deems just and proper.

10

11

12   Dated:  January 9, 2023                    WEST COAST EMPLOYMENT LAWYERS, APLC

13

14

15                                        By:  _____

16                                             Ronald Zambrano, Esq.
                                               Levon S. Yepremian, Esq.
17                                             Attorneys for Plaintiff,
                                               CARNELL PARRISH
18

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1

## **DEMAND FOR JURY TRIAL**

2

3        Plaintiffs hereby respectfully demand a jury trial.

4

5    Dated:  January 9, 2023                    WEST COAST EMPLOYMENT LAWYERS, APLC

6

7

8                                        By: _____

9                                            Ronald Zambrano, Esq.
                                             Levon S. Yepremian, Esq.
10                                           Attorney for Plaintiff,
                                             CARNELL PARRISH
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Clarisse C. Petersen (SBN 260806)
Parth P. Jani (SBN 334881)
JACKSON LEWIS, P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone:     (949) 885-1360
Facsimile:     (949) 885-1380
Email:         Clarisse.Petersen@jacksonlewis.com
               Parth.Jani@jacksonlewis.com

Attorneys for Defendants
WAL-MART ASSOCIATES, INC. (erroneously
sued as WALMART ASSOCIATES, INC.)

**ELECTRONICALLY FILED**
**2/23/2023 2:02 PM**
**Kern County Superior Court**
**By Edith Carrillo, Deputy**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| CARNELL PARRISH, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WALMART ASSOCIATES, INC.; and DOES 1 through 100, inclusive<br><br>                    Defendants. | **CASE NO: BCV-23-100079**<br><br>*[Assigned for all purposes to the Hon. Judge David R. Zulfa / Dept. J]*<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF CARNELL PARRISH'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:     January 9, 2023<br>Trial Date:          None Set |

**TO THE HONORABLE COURT, PLAINTIFF CARNELL PARRISH, AND HIS ATTORNEYS OF RECORD:**

Defendant WAL-MART ASSOCIATES, INC. ("Defendant"), on behalf of itself and for no other defendants, hereby responds to Plaintiff CARNELL PARRISH's ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

///

///

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally and specifically denies each and every allegation contained in the Complaint, including each cause of action in the Complaint, and denies that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.      The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive Damages)**

2.      Plaintiff is precluded from recovering exemplary or punitive damages from Defendant under the applicable provisions of law.  Specifically, California Civil Code section 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff failed to plead and cannot establish facts sufficient to support allegations of malice, oppression, fraud, or despicable conduct.

**THIRD AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

3.      Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

4.      To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust the administrative remedies required under applicable state and/or federal laws, including, but not limited to, the California Fair Employment and Housing Act (FEHA) and California Government Code sections 12945, 12965, and 12940.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

5.      To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 338, 340(a), and 343; and California Government Code sections 12940, 12945, and 12965.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

6.      To the extent discovery may disclose a factual basis for this defense, Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

7.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

///

///

///

**EIGHTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

8.      To the extent discovery may disclose information which serves as a separate or additional basis for the termination of Plaintiff's employment, Plaintiff is barred from recovering any damages, or any recovery must be reduced, by the after-acquired evidence doctrine.

**NINTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

9.      Plaintiff's allegations of discrimination and/or retaliation are barred, or any recovery of damages is precluded, because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.  (*State Dept. of Health Servs. v. Superior Court of Sacramento County* (2000) 31 Cal.4th 1026.)

**TENTH AFFIRMATIVE DEFENSE**

**(Exercise of Reasonable Care)**

10.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Privileged, Good Faith, & Justified Conduct)**

11.      Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.  Any and all conduct of which Plaintiff complains and is attributed to Defendant was a just and proper exercise of Defendant's discretion and was undertaken for a fair and honest reason regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Justification)**

12.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory and/or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff (which Defendant expressly

denies), Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein is barred because, assuming *arguendo* that Plaintiff had a disability, Defendant's decision to discharge Plaintiff was lawful because it was entitled to consider Plaintiff's protected status as a job requirement.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Same Decision/ Mixed Motive)

14.     Recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory and/or retaliatory reasons had been a substantial motivating reason in any employment decisions toward Plaintiff, there were also legitimate, non-discriminatory, non-retaliatory business reasons that were a substantial motivating factor for taking any such adverse employment action against Plaintiff, and Defendant would have made the same employment decisions toward Plaintiff without any regard for any prohibited or unlawful factor.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

15.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory or comparative fault.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employee)

16.     Defendant alleges that Plaintiff was an at-will employee during his employment with Walmart.

///

///

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

17.     Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, because the injuries that Plaintiff alleges in his Complaint, and in each and every purported claim for relief alleged therein, if they exist at all, resulted from a cause not proximately caused by or related to any acts or omissions by Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

18.     To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, consent, estoppel, waiver, *in pari delicto,* and unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees and Costs)**

19.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable action.  Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unconstitutional)**

20.     Although Defendant denies that it has committed, or has responsibility for, any act that could support the recovery against Defendant in this action, such recovery, if any, is barred because, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and other provisions of the California Constitution.

///

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Undue Hardship)

21.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that accommodation of Plaintiff's alleged disability would impose an undue hardship upon Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Pre-emption)

22.     Plaintiff's claims and prayers for relief related to his alleged emotional injuries and other injuries attributable to the workplace are barred by the exclusive remedy under the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Health and Safety Risk)

23.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because, even with reasonable accommodations, Plaintiff was unable to perform an essential job duty without endangering his health or safety, or the health or safety of others.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

24.     As a separate and affirmative defense, Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by his Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

1      4.     For costs of suit incurred herein, including reasonable attorney's fees pursuant to

2            California Government Code section 12965; and

3      5.     For such other and further relief as the Court may deem just and proper.

5 DATED: February 23, 2023          JACKSON LEWIS P.C.

7                By: _____

8                       Clarisse C. Petersen
                        Parth P. Jani

9                       Attorneys for Defendants

10                       WAL-MART ASSOCIATES, INC. (erroneously
sued as WALMART ASSOCIATES, INC.)

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

**CALIFORNIA SUPERIOR COURT, COUNTY OF KERN**
**CASE NAME:** *Carnell Parrish v. Wal-Mart Associates, Inc.*
**CASE NO.:** **CASE NO: BCV-23-100079**

  I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

  On **February 23, 2023,** I caused the following document(s) described as: **DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER TO PLAINTIFF CARNELL PARRISH'S UNVERIFIED COMPLAINT FOR DAMAGES** to be served on all interested parties in this action addressed as follows:

| | |
|---|---|
| Neama Rahmani (SBN 223819)<br>Ronald L. Zambrano (SBN 255613)<br>Levon S. Yepremian (SBN 327709)<br>WEST COAST EMPLOYMENT<br>LAWYERS, APLC<br>1147 South Hope Street<br>Los Angeles, California, 90015 | Attorneys for Plaintiff<br>*CARNELL PARRISH*<br><br>Telephone: (213) 927-3700<br>Facsimile: (213) 927-3701<br>Email:<br><br>efilings@westcoasttriallawyers.com<br>nr@westcoasttriallawyers.com<br>ron@westcoasttriallawyers.com<br>levon@westcoasttriallawyers.com |

**[X ]** **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]** **BY E-MAIL OR ELECTRONIC TRANSMISSION** Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Kimberly.ferguson@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]** **BY OVERNIGHT MAIL** I enclosed the documents in an envelope or package provided by an overnight delivery carrier or in other suitable packaging and addressed to the persons at the address(es) noted above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

☒ **STATE -** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed **February 23, 2023** at Irvine, California.

| | |
|---|---|
| _____<br>Kimberly Ferguson<br>Print Name | By: _____<br>Signature |