UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNELL PARRISH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART ASSOCIATES, INC.<br><br>　　　　Defendant. | Case No. 1:23-cv-00284-JLT-CDB<br><br>ORDER GRANTING AS MODIFIED STIPULATED REQUEST TO CONTINUE EXPERT DISCOVERY DEADLINES AND RELATED DATES<br><br>(Doc. 20) |

**<u>Background</u>**

Plaintiff Carnell Parrish ("Plaintiff") initiated this action against Defendant Wal-Mart Associates, Inc. ("Defendant") with the filing of a complaint in state court on or about January 13, 2023. (Doc. 1 at 2). On February 24, 2023, Defendant removed the action to this Court. *Id*. On May 24, 2023, the Court entered the operative scheduling order which, among other things, admonished the parties that the case management dates set therein are considered to be firm and will not be modified absent a showing of good cause, even if the request to modify is made by stipulation. (Doc. 13 at 7).

On September 27, 2023, the parties filed a joint mid-discovery status report in which they summarized their ongoing discovery efforts and identified no anticipated obstacles to timely completing discovery. (Doc. 17). Accordingly, the following day, the Court vacated the mid-

1

discovery status conference set for the following week and reminded the parties of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates. (Doc. 18).

**The Parties' Pending Request**

Pending before the Court is the parties' stipulated request for order extending expert discovery deadlines, filed March 25, 2024 – one week after the time to conduct expert discovery already had closed. (Doc. 20). The parties represent that on February 12, 2024, Plaintiff served an untimely expert witness disclosure and omitted an expert report from that disclosure. *Id*. at 2. The parties further represent that Defendant was unable to timely rebut Plaintiff's expert disclosure due to the late disclosure and lack of expert report. *Id*. To accommodate an upcoming private mediation and preserve the parties right to engage in additional expert discovery afterwards, the parties propose to remedy Plaintiff's admitted discovery violation by requesting an approximately six-month extension of expert disclosure and discovery dates that already have expired. The parties acknowledge that the requested extension will require extensions also of the dispositive motion filing and trial dates. *Id.*

In their stipulation, the parties offer no explanation as to why they delayed for more than one month after Plaintiff's discovery violation to seek relief from the Court – or why they waited until expert discovery already has closed to request modification of the scheduling order. Such delay is the antithesis of due diligence and good cause. *See Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence" under Local Rule 144).

The Court acknowledges the parties' efforts to mutually resolve the situation before seeking Court intervention; however, the requested relief (a six-month extension of expired discovery and future motion filing and trial dates) is unwarranted and unsupported given the timing and nature of the discovery violation and level of diligence demonstrated by the parties. Instead, the Court will grant a limited extension of already-expired expert discovery dates – to the extent of ensuring any prejudice to Defendant resulting from Plaintiff's discovery violation

is minimized – and continuing remaining case management dates in a manner that accommodates the parties private settlement efforts.

Accordingly, it is HEREBY ORDERED, the operative scheduling order (Doc. 13) is amended as follows:

1. Rebuttal expert disclosure deadline:  May 8, 2024
2. Expert discovery deadline:  June 7, 2024
3. Dispositive motion filing deadline:  July 8, 2024
4. Dispositive motion hearing:  August 19, 2024
5. Pretrial conference:  October 21, 2024
6. Trial:  January 7, 2025

IT IS SO ORDERED.

Dated:   **March 28, 2024**

UNITED STATES MAGISTRATE JUDGE